ELECTRONICALLY
FILED
Apr 30 2019
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

JONATHAN GAITHER,

    Plaintiff,

v.                                          Civil Action No. 1:19-cv-99 Judge Keeley

ARCH COAL, INCORPORATED,

    Defendant.

## NOTICE OF REMOVAL

Arch Coal, Inc. ("Arch"), by counsel, C. David Morrison, Michael J. Moore and the law firm of Steptoe & Johnson PLLC, removes this civil action from the Circuit Court of Taylor County, West Virginia, to the Clarksburg Division of the United States District Court for the Northern District of West Virginia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of Arch's removal, it states the following:

    1.    On or about April 15, 2019, Plaintiff Jonathan Gaither ("Plaintiff") filed Plaintiff's "Complaint and Demand for a Jury Trial" in the Circuit Court of Taylor County, West Virginia against Arch. Arch was served with the Complaint on April 16, 2019.

    2.    Copies of the Summons, Complaint and all other documents served on Arch are attached as **Exhibit A**. A Certified Copy of the Taylor County Circuit Court docket sheet is attached as **Exhibit B**. A complete copy of the Taylor County court file is attached as **Exhibit C**.

    3.    This Notice of Removal is being filed within thirty (30) days after service of Plaintiff's Complaint on Arch, and is therefore timely filed under 28 U.S.C. § 1446(b).

1

4. Plaintiff alleges that Arch discriminated against him in violation of West Virginia Code § 5-11-1 *et seq.* based upon an alleged disability. *See* Complaint at ¶ 19.

5. Plaintiff has made a claim for lost wages and benefits, shame, humiliation, embarrassment, mental anguish, emotional distress, litigation expenses, punitive damages and attorneys' fees. *See* Complaint at ¶¶ 23 and 25.

I. **Diversity Jurisdiction**

6. This action is properly removable under 28 U.S.C. § 1441, and this Court has original jurisdiction of this case under 28 U.S.C. § 1332(a)(2), as amended, which provides, in pertinent part, as follows:

> (a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between . . .
>
> (1) Citizens of different States;

7. For purposes of diversity jurisdiction, a corporation is deemed a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). In addition, the United States Court of Appeals for the Fourth Circuit has followed the majority approach that a limited liability company has the citizenship of all its members. *Gen. Tech. Applications, Inc. v. Exro LTDA*, 388 F.3d 114, 120 (4th Cir. 2004).

8. Plaintiff is a citizen and resident of Taylor County, West Virginia. *See* Complaint at ¶ 1.

9. Arch is a corporation formed under the laws of Delaware with its principal place of business in St. Louis, Missouri. Thus, Arch is a "citizen" of Delaware and Missouri for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff mistakenly avers that

Arch "has a principle place of business in Taylor County, at 1200 Tygart Drive, Grafton, WV 26534." *See* Complaint at ¶ 2. Plaintiff's contention is incorrect, as the West Virginia Secretary of State's records make clear that Arch is incorporated in Delaware, with its principal place of business located in Missouri. See documentation from the West Virginia Secretary of State related to Arch, attached as **Exhibit D**.

10. In addition, Plaintiff's employer was actually ICG Tygart Valley, LLC ("Tygart Valley"), not Arch. Tygart Valley is chartered in Delaware. Its principal place of business is in Missouri. Tygart Valley is owned by Arch Coal Operations, LLC, which is owned by Arch Coal, Inc., Arch Coal Group, LLC, and Hunter Ridge Holdings, Inc. As previously stated, Arch Coal, Inc. is a resident of Delaware and Missouri.

11. Arch Coal Group, LLC is wholly owned by ICG, LLC, which is wholly owned by International Energy Group, LLC. Arch Coal Group, LLC, therefore, is a resident of every state where ICG, LLC, is a resident. ICG is wholly owned by International Energy Group, LLC, which is wholly owned by Arch Coal, Inc.

12. Hunter Ridge Holdings, Inc. is wholly owned by ICG, LLC. ICG, LLC is wholly owned by International Energy Group, LLC, which is wholly owned by Arch Coal, Inc.

13. Arch has provided an Affidavit as **Exhibit E** establishing the residency of the pertinent parties.

14. Therefore, regardless of whether this Court were to consider the proper defendant to be Arch or Tygart Valley, the ultimate determination would be the same, as they both are residents of Delaware and Missouri when considering diversity under 28 U.S.C. § 1441.

15. Accordingly, there is complete diversity of citizenship in this case as defined by 28 U.S.C. § 1332(a) and, as set forth below, the amount in controversy requirement is met.

## II. Amount in Controversy

16. The amount in controversy for purposes of diversity jurisdiction "is measured by the value of the object of the litigation." *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 492 (S.D.W. Va. 2001) (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)).

17. A court may consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. *See Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D.W. Va. 1999).

18. In making the assessment of the value of the object of the litigation, the Fourth Circuit employs the "either viewpoint" rule – that is, that the value of the object of the litigation may be the value to either the plaintiff or the defendant. *See Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) ("the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which judgment would produce.'")

19. The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Where the original complaint does not state a specific damages amount, the defendant must prove by a preponderance of the evidence, i.e., that it is more likely than not, that the amount in controversy exceeds $75,000.00. *Allman v. Chancellor Health Partners, Inc.*, C.A. No. 5:08CV155, 2009 WL 514086, *2 (N.D.W. Va. Mar. 2, 2009); *Sayre v. Potts*, 32 F. Supp. 2d 881, 886 (S.D.W. Va. 1999). In addressing the propriety of removal, courts look to the record existing at the time the petition for removal was filed. *Sayre*, 32 F. Supp. 2d at 886.

Specifically, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal. *Id.* A court can consider the type and extent of the plaintiff's injuries and the possible damages recoverable, including punitive damages and, where provided by statute, attorneys' fees and costs that might be awarded. *Id.*; *Jones v. Capital One Bank*, 2009 WL 3335350 (S.D.W. Va. 2009). Here, utilizing a "common sense" approach leads to the unavoidable conclusion that more than $75,000.00 is in controversy. *Allman*, 2009 WL 514086; *Mullins v. Harry's Mobile Homes*, 861 F. Supp. 22, 24 (S.D.W. Va. 1994).

20.     Plaintiff claims discrimination and harassment in violation of West Virginia Code § 5-11-1 *et seq.* due to alleged sleep apnea, irritable bowel syndrome and shoulder pain. *See* Complaint at ¶ 10-12. At bottom, Plaintiff asserts that he is disabled and was treated differently based upon those alleged disabilities.

21.     While Plaintiff's Complaint does not state a specific monetary amount of damages, it does allege that he suffered lost wages and benefits, shame, humiliation, embarrassment, mental anguish and emotional distress. *See* Complaint at ¶ 23. Additionally, Plaintiff requests compensation for his attorneys' fees in prosecuting this case. *See* Complaint at ¶ 28. Finally, Plaintiff requests punitive damages be awarded in this matter. *See* Complaint at ¶ 25.

22.     This Court has held that the potential damages arising from a retaliatory discharge cause of action exceed the jurisdictional minimum. *Allman*, 2009 WL 514086 at *2. In that case, the plaintiffs (husband and wife) argued that the amount-in-controversy requirement was not met because damages were purely speculative, especially because the wife had a duty to mitigate her lost wages. *Id.* at *2. The defendants argued that, in light of the wife's request for

lost wages, as well as other items of recovery associated with retaliatory discharge cases, including punitive damages, the amount-in-controversy requirement was met. *Id.* at *2. This Court agreed, noting that "although the plaintiffs have not requested a specific amount of damages in their complaint, based on the allegations therein, the plaintiffs appear at the very least to be seeking past and future lost wages, loss of benefits, and damages for emotional distress." *Id.* at *5. Thus, this Court held that the amount-in-controversy requirement was met and denied the plaintiffs' motion for remand.

23. Assuming Plaintiff is successful, lost wages and benefits alone could easily surpass the jurisdictional amount. *Burke-Parsons-Bowlby Corp. v. Rice*, 230 W. Va. 105, 107, 736 S.E.2d 338, 340 (2012) (affirming jury award in age discrimination case of $2,133,991.00).

24. Likewise, emotional distress damages, standing alone, can approach or surpass the $75,000.00 threshold. *W. Va. Am. Water Co. v. Nagy*, No. 101229, 2011 WL 8583425, *2, *6 (W. Va. June 15, 2011) (affirming jury award of $150,000.00 in emotional distress damages in age discrimination case); *Mace v. Charleston Area Med. Ctr. Found., Inc.*, 188 W. Va. 57, 422 S.E.2d 624 (1992) (affirming $50,000.00 emotional distress award in a retaliatory discharge case).

25. According to this Court, it must consider "any punitive damages which may be awarded." *Allman*, 2009 WL 514086 at *2. Indeed, the inclusion of a claim for punitive damages is typically sufficient by itself for the amount in controversy requirement to be met. As Judge Haden noted, a request for punitive damages "inevitably inflates a plaintiff's potential for recovery." *Bryant v. Wal-Mart*, 117 F. Supp. 2d 555, 556 (S.D.W. Va. 2000); *see also Heller v. TriEnergy, Inc.*, 877 F. Supp. 2d 414 (N.D.W. Va. 2012); *Kenney v. Indep. Order of Foresters*,

2012 WL 6149171, *9 (N.D.W. Va. 2012). This Court has reminded litigants that claims arising under the West Virginia Human Rights Act allow for an award of punitive damages. *Virden v. Altria Grp., Inc.*, 304 F. Supp. 2d 832, 850 (N.D.W. Va. 2004) (citing *Haynes v. Rhone-Poulenc*, 206 W. Va. 18, 23, 521 S.E.2d 331, 336 (1999) (holding that punitive damages are available under the West Virginia Human Rights Act). Therefore, a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that the plaintiff cannot recover punitive damages in the action. *Bryant*, 117 F. Supp. 2d at 556-57 (denying plaintiff's motion to remand where punitive damages were sought in the complaint, even though the plaintiff contended that only $70,000.00 was at stake) *See also Hutchens v. Progressive*, 211 F. Supp. 2d 788, 790-91 (S.D.W. Va. 2002) (denying plaintiff's motion to remand where punitive damages were sought in the complaint, even though the plaintiff signed an affidavit providing that he would not seek more than $74,500.00). Here, Plaintiff has sought punitive damages. *See* Complaint at ¶ 25. Consequently, the amount-in-controversy requirement is plainly met.

26. Attorneys' fees are included in the determination of the amount in controversy when they are provided for by statute. According to this Court, "[w]hile attorney fees and costs are typically excluded from the jurisdictional amount, such fees are countable when mandated by a contract or statute." *Rembert v. The Cadle Co.*, 2008 WL 163670, *5 (N.D.W. Va. 2008). Here, as in the statute in *Rembert*, the West Virginia Human Rights Act contains a fee-shifting provision. W. Va. Code § 5-11-13. According to the Supreme Court of Appeals of West Virginia, "effective enforcement of the human rights laws depends upon the action of private citizens who, from our observations of these matters, usually lack the resources to retain the legal counsel necessary to vindicate their rights. Full enforcement of the civil rights

act requires adequate fee awards." *Bishop Coal v. Salyers*, 181 W. Va. 71, 80, 380 S.E.2d 238, 247 (1989). Thus, attorney fee awards, which can be substantial standing alone, should be properly included in the amount-in-controversy analysis in this case. The United States Court of Appeals for the Fourth Circuit has upheld an award of $273,596.00 in attorneys' fees in a disability discrimination case under the West Virginia Human Rights Act. *Calef v. FedEx Ground Packaging Sys.*, 343 F. App'x 891 (4th Cir. 2009).

27. Arch has established that the amount-in-controversy in this case exceeds $75,000.00.

28. Arch has served contemporaneous with this filing its "Notice of Filing of Notice of Removal" with the Circuit Clerk for Taylor County, West Virginia with instructions that this matter has been removed and no further proceedings shall be had in that Circuit. Arch has attached as **Exhibit F** a true and accurate copy of that filing.

Based upon the foregoing, Arch has removed this action from the Circuit Court of Taylor County, West Virginia, to the United States District Court for the Northern District of West Virginia. Accordingly, no further proceedings in this civil action may occur in the Taylor County Circuit Court.

Respectfully submitted this the 30th day of April, 2019.

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

/s/ *C. David Morrison*
C. David Morrison (WVSB #2643)
Michael J. Moore (WVSB #12009)
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Defendant*
*Arch Coal, Incorporated*

8400727.2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

JONATHAN GAITHER,

    Plaintiff,

v.                                      Civil Action No. _____

ARCH COAL, INCORPORATED,

    Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that, on the 30th day of April, 2019, I electronically filed the foregoing "*Notice of Removal*" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

> Jeremy A. Donham, Esquire
> DONHAM LAW
> P.O. Box 487
> Dellslow, WV 26531
> Donhamlaw@comcast.net

I further certify that the foregoing document was sent to counsel of record for the Plaintiff by deposition a true and accurate copy thereof in the United States mail, postage prepaid, in an envelope marked with the above address.

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

*/s/ C. David Morrison*
C. David Morrison (WVSB #2643)
Michael J. Moore (WVSB #12009)
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Defendant*
*Arch Coal, Incorporated*

9

8400727.2