# EXHIBIT A

## SUMMONS

### IN THE CIRCUIT COURT OF TAYLOR COUNTY, WEST VIRGINIA

JONATHON GAITHER
        PLAINTIFF,
VS.

CIVIL ACTION NO. 19-C-16

ARCH COAL, INCORPORATED
        DEFENDANT.

**To the above named Defendant:**   *ARCH COAL, INCORPORATED*
*1200 TYGART DRIVE*
*GRAFTON, WV 26354*

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon JEREMY A. DONHAM, plaintiff's attorney, whose address is PO BOX 487, DELLSLOW, WV, 26531 an answer including any related counterclaim you may have to the complaint filed against you in the above civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

                                                          VONDA M RENEMAN
                                                          CLERK OF COURT

**Dated: April 16, 2019**

                                                BY: *Amy R. McDougal, Deputy* (signature)

IN THE CIRCUIT COURT OF TAYLOR COUNTY, WEST VIRGINIA

**JONATHON GAITHER**

    **Plaintiff,**

v.

CIVIL ACTION NO.: 19-C-16
(Judge:          )

**ARCH COAL, INCORPORATED**

    **Defendant.**

VONDA M. RENEMAN
CLERK
APR 15 2019
CIRCUIT COURT
TAYLOR COUNTY
FILED

## COMPLAINT AND DEMAND FOR A JURY TRIAL

For his complaint against Defendant, Arch Coal, Incorporated, Plaintiff states as follows:

1. The Plaintiff is a resident of Taylor County, West Virginia.

2. The Defendant Arch Coal, Incorporated (henceforth, "Arch Coal") has a principle place of business in Taylor County, at 1200 Tygart Drive, Grafton, WV 26354.

3. The Plaintiff is a former employee of the Defendant, having been employed at Arch Coal "Leer Mine" in Taylor County from April 9, 2014 until January 3, 2019.

4. Plaintiff worked as a Conveyer Belt Operator, installing belt drives on dayshift. During this time, the Plaintiff had help with the work he was performing and equipment was used to move many things on the site.

5. Plaintiff took medical leave from October 2017 to March 2018 for shoulder and fistula surgery.

6. The day of Plaintiff's return from medical leave Plaintiff informed his supervisor, Jeff Meyers, of his need to be on a consistent sleep schedule due to his diagnosed sleep apnea.

1

7. The next working day, Plaintiff was forced to rotate between day and afternoon shifts doing shoveling at the mine which caused him issues with his sleep schedule and exacerbating his underlying shoulder injury.

8. On or about September 2018 Plaintiff was forced to begin midnight shift despite his earlier request for an accommodation due to his sleep apnea.

9. Plaintiff also informed the Defendant that his duties of shoveling were exacerbating his shoulder injury and that he required an accommodation.

10. During that time, Plaintiff was assigned jobs where heavy lifting was required which continued to exacerbate his shoulder pain.

11. In or about November 2018, Sam Blizzard, Plaintiff's Supervisor, poked fun at Plaintiff for not going down the elevator with the rest of the crew because he had to use the bathroom facilities.

12. During that same time Plaintiff informed Mr. Blizzard that he had been diagnosed with Irritable Bowel Syndrome (IBS) related to stomach issues caused from stress from serving in the Army.

13. Mr. Blizzard continued to harass Plaintiff by informing him that he used the restroom before he left his home and if the Plaintiff didn't eat so much, he wouldn't have to use the restroom as often.

14. A former co-worker, Evan Ashworth was a witness to this conversation.

15. Plaintiff informed Mr. Blizzard that he would notify Human Resources (HR) of his IBS and would seek an accommodation for a closer bathroom as needed.

16. Two weeks later, Mr. Blizzard asked Plaintiff if he spoke to HR about his need for an accommodation.

17. Plaintiff said he had not as of yet because his doctor's appointment was scheduled for January 2019.

18. Plaintiff was fired January 3, 2019 for "sleeping on the job."

19. At all pertinent times, the Plaintiff has been a member of at least one class of persons protected from **discrimination, hostile work environment** and **retaliation** under and pursuant to the West Virginia Human Rights Act (W.Va. Code __ 5-11-1 *et seq.*). The Plaintiff is a person who either has a disability, or is perceived as having a disability.

20. From the spring through the fall of 2018, on multiple occasions, and specifically in December 2018, the Plaintiff's "disability" status was known to his employer and to his supervisory employees in that he explained he had sleep apnea, was experiencing shoulder pain due to the working conditions, and he had irritable bowel syndrome.

21. Accusing the Plaintiff of sleeping on the job was, at best, a pretext for terminating the Plaintiff, as the motivating factor for the Plaintiff's termination was actually disability discrimination and retaliation in violation of the West Virginia Human Rights Act.

22. Further, Plaintiff's boss had slept on the job on multiple occasions in November 2018.

23. As a proximate result of the Plaintiff's wrongful termination as aforesaid, he has suffered the loss of his employment and damages consisting of:

    a. Lost wages and benefits;

    b. Shame, humiliation, and embarrassment;

    c. Mental anguish and emotional distress; and

    d. Litigation expenses.

24. The Defendant is liable for the actions of its employees who participated in the termination of Plaintiff pursuant to principles of agency and the doctrine of *respondeat superior*.

3

25. The termination of the Plaintiff, which was validated by the defendant employer, constitutes willful, wanton, and malicious behavior which warrants an award of punitive damages.

26. The Plaintiff seeks no relief under any federal laws or regulations, asserts no federal claims, and withdraws any asserted state law claims that are preempted, or otherwise directly controlled, by federal law.

27. Furthermore, no claims asserted herein should be understood to require interpretation of any collective bargaining agreement, and to the extent interpretation of a collective bargaining agreement is required said claims are withdrawn.

WHEREFORE, the Plaintiff demands judgment against the Defendant for reinstatement; just and fair compensatory and punitive damages; prejudgment and post judgment interest; his attorney fees and expenses of litigation; his costs; and, for such other relief as is proper under the circumstances.

**THE PLAINTIFF DEMANDS TRIAL BY JURY**

Date: 4-10-2019

Jeremy A. Donham, Esquire
DONHAM LAW
W. Va. State Bar Identification No: 12163
P.O. Box 487
Dellslow, WV 26531
(717) 676-7749
(888) 370-5177 (fax)
Donhamlaw@comcast.net
*Counsel for Plaintiff*

4